LAWRENCE G. TOWNSEND (SBN 88184)(ltownsend@owe.com)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, 19th Floor
San Francisco, California 94105
(415) 882-3288;  (415) 882-3299 FAX

DOUGLAS A. LINDE (SBN 217584)(dal@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Suite 1025
Los Angeles, California 90069
(310) 203 9333; (310) 203-9233 FAX

Attorneys for Plaintiff JIM MARSHALL PHOTOGRAPHY LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| JIM MARSHALL PHOTOGRAPHY LLC, a California Limited Liability Company, | ) ) ) ) | Case No. CV12-3423-SJO (VBKx)<br>Honorable S. James Otero |
| Plaintiff, | ) ) ) | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT GOOGLE, INC.** |
| v. | ) ) | |
| THIERRY GUETTA; IT'S A WONDERFUL WORLD, INC., a California corporation, .GOOGLE, INC., a Delaware corporation, and DOES 1 though 10, inclusive, | ) ) ) ) ) ) | Date:     September 4, 2012<br>Time:     10:00 A.M.<br>Place:    Courtroom 1, Second Floor |
| Defendants. | ) ) | |
| _____ | ) | |

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................... 1

II.  STATEMENT OF FACTS ...................................................................... 2

III.  LEGAL ANALYSIS.............................................................................. 4

   A.  APPLICABLE LEGAL STANDARD FOR MOTION TO DISMISS ................................. 4

   B.  APPLICABLE LEGAL STANDARD FOR PLEADING COPYRIGHT INFRINGEMENT .. 5

   C.  PLAINTIFF'S ALLEGATIONS OF DIRECT INFRINGEMENT ARE UNCONTESTED ... 6

   D.  PLAINTIFFS HAS PROPERLY ALLEGED CLAIMS OF CONTRIBUTORY INFRINGEMENT.............................................................................. 7

     1.  Plaintiff Has Duly Alleged Knowledge ................................................ 7

     2.  Plaintiff Has Duly Alleged Contribution To The Infringement ...................... 11

   E.  PLAINTIFF'S HAS PROPERLY ALLEGED CLAIMS OF VICARIOUS INFRINGEMENT.............................................................................. 12

     1.. Plaintiff Has Duly Alleged Ability to Control Infringement.......................... 13

     2. Plaintiff Has Duly Alleged Financial Benefit.................................... 16

IV.  CONCLUSION ...................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-22 (9th Cir. 2001)............9

*Adobe Systems Inc. v. Canus Productions, Inc.*, 173 F.Supp.2d 1044, 1056
   (C.D.Cal. 2001) ................................................................................................13

*Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883, *14 (D.N.J. 2006)..........11

*Art Attacks Ink, LLC v. MGA Entertainment Inc.*, 581 F.3d 1138 (9th Cir. 2009) ......13

*Attacks Ink, LLC v. MGA Entm't, Inc.*, 2007 WL 1989631, at *4 (S.D. Cal. July 2,
   2007)..................................................................................................................13

*Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987) ..................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d
   929 (2007) ...........................................................................................................8

*Columbia Pictures Indus., Inc. v. Aveco, Inc.*, 800 F.2d 59, 62 (3d Cir.1986) ............11

*Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir.1995)............................................8

*Do It Best Corp. v. Passport Software, Inc.*, 2004 WL 1660814 (N.D.Ill. 2004) ..........9

*Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co.*, 36 F.2d 354 (7th
   Cir.1929)...........................................................................................................20

*Ellison v. America Online, Inc.*, 357 F.3d 1072, 1078 (9th Cir. 2004) .......................14

*Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004) ..........................................12

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) .............................5

Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) .............10, 11

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159,
   1162 (2d Cir.1971) ............................................................................................17

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)...8

*In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir 2003).......................11

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012) .........13

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507
   U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) ...............................8

*M. Witmark  & Sons v. Pastime Amusement Co.*, 298 F. 470, 475 (D.C.S.C. 1924)...17

*Matthew Bender & Co. v. West Publishing Co.*, 158 F.3d 693, 706 (2d Cir.1998) .....10

*Med-Systems, Inc. v. Masterson Marketing, Inc.*2011 WL 5873399 *7 (S.D.Cal.
   2011).................................................................................................................14

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n. 9, 125
   S.Ct. 2764, 162 L.Ed.2d 781 (2005) ..............................................................10

*Mid America Title Co. v. Kirk*, 991 F.2d 417 (7th Cir. 1993) .......................................8

*Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F.Supp.2d 1148, 1173 (S.D.Fla.
   2006)...............................................................................................................18

*Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)...............8

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.Supp.2d 1114, 1120 (C.D. Cal. 2001)...........................................................................................................9

*Perfect 10, Inc. v. Visa International Service*, 2004 WL 3217732 (N.D. Cal. Dec. 2, 2004)......................................................................................................20

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir.2007) .................9

*Polygram Intern. Pub., Inc. v. Nevada/TIG, Inc.*, 855 F.Supp. 1314 (D.Mass.1984)..16

*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir.1989) .........................9

*Screen Gems-Columbia Music, Inc. v. Mark-Fi Records, Inc.*, 256 F.Supp. 399, 404-05 (S.D.N.Y.1966) ...............................................................................12

*Stewart v. Wachowski*, 2004 WL 2980783, * 5, fn. 32 (C.D.Cal. 2004) ......................9

*UMG Recordings, Inc. v. Sinnott,* 300 F.Supp.2d 993, 1002-1003 (E.D.Cal. 2004) ...20

*UMG Recordings, Inc. v. Veoh Networks Inc.*, 2009 WL 334022 (C.D.Cal. 2009) ....20

*Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510, 518 (S.D.N.Y.1985) *disagreed with on other grounds*, *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, fn. 7 (2nd. Cir. 1985).................................................................12

## Statutes

17 U.S.C. § 106...........................................................................................9, 15

17 U.S.C. § 501(a) ......................................................................................9, 15

FRCP 8(a)(2)....................................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a straightforward case of copyright infringement directly akin to the flea market operator found liable in *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996).  Defendant seeks to avoid this result, first, by misstating the allegations in Plaintiff's Complaint and, second, by arguing because its misstated allegations cannot be true, the instant 12(b)(6) Motion should be granted.  Such an approach must fail.

The allegations in Plaintiff's Complaint, which must be taken as true, are not complicated.  Plaintiff holds the copyright in photographs taken by Jim Marshall, a world-renowned celebrity photographer.  Defendant Thierry Guetta, aka "Mr. Brainwash," is graphic artist well-known for taking other people's images of celebrities without authorization and appropriating those images his own ends.  That Guetta's "stock and trade" is copyright infringement, is discoverable in seconds by reviewing his Wikipedia entry, http://en.wikipedia.org/wiki/Mr._Brainwash, or by using the Google search engine.

Defendant Google, Inc. ("Google") decided to host an event to launch its new business "Google Music" at Guetta's studio.  Google supervised the event and controlled access.  It commissioned Guetta to supply a backdrop to grace the event consisting of a collage of famous music celebrities.  Not unexpectedly, Guetta's backdrop infringed the copyright in Plantiff's iconic photographs of two of the most important and revered musicians of the 20th Century, Jimi Hendrix and John Coltrane.  Google contributed to this infringing my allowing other photographers to enter the event and encouraging them to take pictures of Guetta's Infringing Backdrop and post them for sale on the Internet to publicize its new Google Music business.

As such, Plaintiff sued Guetta and Google for direct infringement, and in addition sued Google for contributory and vicarious infringement.  Importantly, in the current Motion, *Google does not contest the sufficiency of the allegations of direct infringement.* Thus, its Motion is specifically directed to the contributory and vicarious

infringement claims.   However, as will be seen, Plaintiff's allegations fall squarely within the ambit of those claims under the test in *Fonovisa* and its progeny.   As such, Google's motion should be denied.

## II.    STATEMENT OF FACTS

The following facts are alleged in Plaintiff's Second Amended Complaint ("SAC" or "Complaint"):

Plaintiff is Jim Marshall Photography LLC, the owner of the copyrights for photographs allegedly taken by Jim Marshall, who was known for his photographs of musical performers.   Defendants Thierry Guetta (aka "Guetta") and *It's A Wonderful World, Inc.* (for simplicity, "Guetta") wrongfully appropriated eight (8) of Plaintiff's photographs (the "Subject Images") without Plaintiff's knowledge or permission on artwork which was sold, offered for sale, or displayed to the public.   Defendant Google Inc. ("Google"), in connection with the other Defendants, used at least two of Plaintiff's Subject Images without consent to promote its service "Google Music."   The use of these photographs directly infringed Plaintiff's copyright, including the exclusive reproduction, distribution and display rights.    Moreover, Google's conduct planning and execution of the event constitutes contributory and vicarious infringement of Plaintiff's copyright.

For to contributory and vicarious liability claims, the salient allegations can be summarized as follows:

To promote their own products and services, Google entered into a relationship with a known copyright infringer, Guetta, to throw a by-invitation event.   SAC ¶¶ 33, 34, 35.   The location for the event was Guetta's studio which contained an Infringing Backdrop that featured, without authorization, huge blow-ups of Plaintiff's photographs of John Coltrane and Jimi Hendrix.   SAC ¶¶ 32, 33, 34.   Before agreeing to stage the event in front of the Infringing Backdrop, Google knew or should have known it was infringing in a number of ways, including Google's awareness of

Guetta's reputation as an artist whose work consists of "scanning and photoshopping" photographs that he does not own, including but not limited to seeing the movie "Exit Through The Gift Shop," which depicted Guetta as a blatant and unapologetic copyright infringer.  SAC ¶ 34.  Moreover, before agreeing to stage their promotional event at the site of the Infringing Backdrop, Google toured the space where the Infringing Backdrop was located, viewed the images of musical icons and visionaries painted on the walls, and knew or should have known these were infringing works that Guetta did not own or have the rights to.  SAC ¶ 34.

In sum, based numerous factors, including upon the above, Google knew or should have known that the Infringing Backdrop was an infringement, SAC ¶ 34, and that Guetta's business methods were unlawful.  SAC ¶ 40.  However, Google also knew Guetta's unlawful business methods generated significant publicity.  SAC ¶ 40.  Accordingly, Google was faced with an important choice.   Ultimately, Google decided to ignore Guetta's unlawful business methods and use his celebrity to promote their event.  SAC ¶ 40.

Google reached an agreement with Guetta to launch a by-invitation media event at the site of the Infringing Backdrop to generate publicity for its Google Music service. SAC ¶ 40.  In this regard, Google had the right and ability to supervise their by-invitation commercial event, including without limitation, (i) prohibiting photography, (ii) allowing photography, or (iii) encouraging photography.  Second Amended Complaint ¶ 40.  Google chose to actively <u>encourage</u> photography of the event and Infringing Backdrop, for the purpose of promotion and broader dissemination.  SAC ¶ 40.  Defendant Google directly profited from the infringing activity of those photographing the event, including, but not limited to, in the form of obtaining valuable promotion and advertising of Google's business and services, including its Google music service.  SAC ¶ 40.  The resulting images were published, displayed, distributed, reproduced, offered for sale or sold for profit.   SAC ¶ 37.

## III.   LEGAL ANALYSIS

As shown by the following, Plaintiff has pled claims for relief for direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement in conformity with FRCP 8.

### A.   Applicable Legal Standards For Motion To Dismiss

In reviewing a complaint under FRCP 12(b)(6), a court must take all allegations of material fact in the complaint as true and construe them in the light most favorable to the nonmoving party. *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

FRCP 8(a)(2) only requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, "[t]he pleadings need not identify any particular legal theory under which recovery is sought." *Crull v. GEM Ins. Co.,* 58 F.3d 1386, 1391 (9th Cir.1995). It is enough that the complaint gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests so that the defendant can frame a responsive pleading. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

*Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993), following *Leatherman,* held that under FRCP 8, "[c]omplaints for copyright infringement simply alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant, have been held sufficient under the rules." *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.Supp.2d 1114, 1120 (C.D. Cal. 2001)

followed *Mid America*, noting "…complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules."  Accord *Stewart v. Wachowski*, 2004 WL 2980783, * 5, fn. 32 (C.D.Cal. 2004) (following *Mid America*).  In *Do It Best Corp. v. Passport Software, Inc.*, 2004 WL 1660814 (N.D.Ill. 2004), the court engaged in an extensive review of the cases discussing the pleading requirements for contributory infringement claims in light of *Mid America*.  **It held: "the court concludes that PSI's claim for contributory copyright infringement requires no more than the following three allegations: (1) that PSI owned a valid copyright; (2) that it registered in compliance with the applicable statute; and (3) that Burroughs aided and abetted DIB's infringement."  (Id. *16.)**

As will be seen, Plaintiff's complaint more than meets these standards.

## B.   Applicable Legal Standards For Pleading Copyright Infringement

To state a claim for direct copyright infringement, a plaintiff must allege: (1) ownership of a valid registered copyright; and (2) unauthorized copying of protected elements by the alleged infringer.   17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in unauthorized activity in § 106); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-22 (9th Cir. 2001); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987).   For these purposes, the word "copying" is shorthand for infringing of any of the exclusive rights in 17 U.S.C. § 106.  *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir.1989).

To state a claim of contributory copyright infringement, a plaintiff must allege the defendant with knowledge of the infringing activity acted to induce, cause, or materially contribute to the infringing conduct.  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir.2007); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996).   Put differently, liability exists if the defendant engages

in "personal conduct that encourages or assists the infringement." *Matthew Bender & Co. v. West Publishing Co.*, 158 F.3d 693, 706 (2d Cir.1998).

To state a claim for vicarious copyright infringement, a plaintiff must allege a defendant has the right and ability to supervise the infringing conduct and a direct financial interest in the infringing activity. *Perfect 10,* 494 F.3d 788 at 802; *Fonovisa,* 76 F.3d at 262.   Knowledge of the infringement is not a requirement of vicarious liability.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 931 n. 9, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005).  As will be seen, Plaintiff's Second Amended Complaint meets these standards.


C.   **Plaintiff's Allegations Of Direct Infringement Are Uncontested**

Initially, it should be noted that Plaintiff duly pleads the elements of a claim of direct infringement against all defendants, including Google.  In it motion, Google does not dispute the sufficiency of the allegations of direct infringement.

First, Plaintiff alleges ownership of the copyright in original photographs that have been duly registered (the "Subject Images").  SAC ¶¶ 13-18.

Second, Plaintiff also alleges unauthorized copying.  Plaintiff alleges access, which is not disputed.  SAC ¶¶ 19.  Plaintiff alleges that all defendants, including Google, directly infringed the copyrights in the Subject Images by making unauthorized copies, SAC ¶ 21, by making unauthorized derivative works, SAC ¶ 22, and by distributing and displaying these works to the public without authorization. SAC ¶ 22.  These allegations are not disputed.

In addition, Plaintiff alleges that Google also directly infringed Plaintiff's display right by promoting and participants to an event where the Infringing  Backdrop was displayed, SAC ¶ 35, and directly infringed Plaintiff's performance and display right by making a live streaming of the event over the internet, SAC ¶ 38.  These allegations are also not disputed.

Thus, Google's motion focuses solely on the claims of contributory and vicarious infringement.

**D.**   **Plaintiffs Has Properly Alleged Claims of Contributory Infringement**

As mentioned above, a claim of contributory copyright infringement requires allegations that the defendant had knowledge of the infringing activity and acted to induce, cause, or materially contribute to the infringing conduct. *Fonovisa, supra*, 76 F.3d 264. Plaintiff has pled two related claims of contributory infringement: first, that Google contributed to Guetta's infringement through the Infringing Backdrop by hosting the event, SAC ¶ 35; second, that Google contributed to the further infringement of by the photographers at the event, SAC ¶ 39. Plaintiff's pleadings are sufficient on both counts.

**1.**   **Plaintiff Has Duly Alleged Knowledge**

In copyright practice, "knowledge" means that the contributory infringer "knows or has reason to know" of the direct infringement. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-22 (9th Cir. 2001). Willful blindness is also knowledge in copyright law. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir 2003); *Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883, *14 (D.N.J. 2006) (turning a "blind eye" to infringement is the equivalent of knowledge).

Numerous cases have found liability based on the "reason to know" standard. *E.g. Napster, supra,* 239 F.3d 1020 (finding constructive knowledge where infringer's executives had industry experience, had enforced intellectual property rights, had downloaded copyright songs, and had promoted screen shots showing infringing files); *Columbia Pictures Indus., Inc. v. Aveco, Inc.*, 800 F.2d 59, 62 (3d Cir.1986) (video store owner who encouraged use of its facilities and knowingly promoted playing of movie videos was a contributory infringer even though its customers actually played the videos); *Screen Gems-Columbia Music, Inc. v. Mark-Fi Records, Inc.*, 256 F.Supp.

399, 404-05 (S.D.N.Y.1966) (plaintiff raised sufficient claim that advertising agency, radio station and shipper of  bootleg records should have known of the infringement from indications the record supplier was a fly-by-night company and a price suspiciously below market price); *also Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004) (jury could find knowledge from changing e-mail address to avoid notice).

In Paragraph 34, Plaintiff alleges in detail that Google "knew or should have known" of the alleged infringement by several alternative routes.  These include:

(a) by awareness of Guetta's reputation as a "blatant and unapologetic copyright infringer" (SAC ¶34), like the "fly-by-night operator in *Screen-Gems*;

(b)  by ignoring any information about Guetta or his business methods (SAC ¶34), showing conscious ignorance as in *Aimster* and *Arista Records*;

(c) by entering into an agreement with Guetta (SAC ¶34) to launch an event at the site of the infringing work and encouraging others to attend, like the video store operator in *Columbia Pictures*;  and

(d) by actually touring the site and viewing the infringing works, thus knowing or having to reason to know of the specific acts of infringement (SAC ¶34), as in *Napster et al.*

Under FRCP 8, this sufficiently places Defendant on notice that its knowledge, actual or constructive, of the infringement is in issue.  And knowledge for purposes of contributory infringement is a question of fact which cannot be resolved on a motion to dismiss. *Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510, 518 (S.D.N.Y.1985) *disagreed with on other grounds*, *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, fn. 7 (2nd. Cir. 1985) (allegation that independent sales rep who promoted infringing product knew or should have known of infringement raised issues of fact that could not be resolved on motion to dismiss);  *Adobe Systems Inc. v. Canus Productions, Inc.*, 173 F.Supp.2d 1044, 1056 (C.D.Cal. 2001) (existence of knowledge for contributory infringement raised issue of fact).

Indeed, there are number of plausible ways Google could have obtained actual or constructive knowledge that the Infringing Backdrop was unauthorized. First, it is almost impossible to know anything about Mr. Brainwash and not know that he is a serial copyright infringer[1]. The Academy Award nominated documentary "Exit Through The Gift Shop," which brought Guetta his greatest fame, depicted him as a blatant and unapologetic copyright infringer. SAC ¶34. Most internet literature discussing him, including his Wikipedia biography, located at http://en.wikipedia.org/wiki/Mr._Brainwash, clearly shows him as an infringer, or entries about him in the Google search engine. When Defendant Google, or its representatives, showed up to tour the space they were renting from a notorious copyright infringer, they were confronted with massive reproductions of the images of two of the most legendary and revered musicians of the 20th Century, John Coltrane, who died in 1967, and Jimi Hendrix, who died in 1970. Google cannot reasonably claim that they did not have reason to know these images were infringing.

Moreover, Google, could have (as alleged) entered into an agreement with Guetta. Indeed, since Google would be encouraging others to take pictures of Guetta's works, Google would need a license to do so to avoid infringement claims by Gueta, so such an agreement is likely. The agreement could well contain disclosures about content, or representations and warranties, or other indication of actual knowledge (or willful ignorance). Until discovery is complete, the actual facts will not be known. But one cannot claim at this point Google did not and under any conceivable set of circumstances could not have actual knowledge of the infringement.

In support of its claim that Google could not have knowledge as a "matter of law" Google cites only two cases, both inapplicable. First, Google claims the District Court decision in *Attacks Ink, LLC v. MGA Entm't, Inc.,* 2007 WL 1989631, at *4

---

[1] Any contrary claim is akin to a party claiming they are interested in working with "Weird" Al Yankovic, were not aware that he does song parodies.

(S.D. Cal. July 2, 2007) holds that allegations of knowledge of an individual's "reputation" as an infringer "fails to state a claim" for contributory infringement "as a matter of law." (Opp. 5:27-6:4). *Air Attacks holds no such thing.* First, *Air Attacks* was addressing a motion for judgment NOV after a full trial and only found that the evidence *at trial* was insufficient to show knowledge. This is hardly a case about pleading. Second, *Art Attacks* was primarily concerned whether the contacts between the plaintiff and defendant showed *access*, concluding in the end they did not. The decision was affirmed in *Art Attacks Ink, LLC v. MGA Entertainment Inc.*, 581 F.3d 1138 (9th Cir. 2009). However, in *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012), the Ninth Circuit, en banc, revisited the situation, noted that access depends on the situation, and substantially limited Air Attacks to its facts. This is *nothing* in *Air Attacks*, even its in truncated form, which holds reputation can never impart constructive knowledge. Indeed, such as result is directly contrary to *Screen Gems*. Moreover, as set forth above, Plaintiff alleges additional factors to support constructive knowledge besides reputation. *Also Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883 (D.N.J. 2006) ( "Defendants are incorrect that Plaintiffs are required to prove that Defendants had knowledge of "specific infringement(s)" at the time the Defendants materially contributed to the direct infringement.)

Defendant's citation to *Med-Systems, Inc. v. Masterson Marketing, Inc.,* 2011 WL 5873399 *7 (S.D.Cal. 2011) actually supports Plaintiff. *Med-Systems* said an allegation that defendant was "fully aware of the terms of usage for all images" was sufficient to survive the motion to dismiss since it "supports a reasonable inference that Defendant knew the images were copyrighted." Here, Plaintiff alleged actual knowledge of the infringing uses: SAC ¶34: "Google … toured the space …. viewed the images of musical icons and visionaries painted on the walls, in plain view and on public display, **and knew** … these were infringing works that Guetta did not own or have the rights to, and that Guetta used without permission."

1    Plaintiff has sufficiently pled "knowledge" for contributory infringement.

2       **2.    <u>Plaintiff Has Duly Alleged Contribution To The Infringement</u>**

3       Plaintiff has also duly alleged that Google did "induce, cause, or materially

4    contribute to the infringing conduct."   Indeed, this standard is met by where the

5    infringer provides the "site and facilities" or the "environment and market" for

6    infringing activities.  E.g. *Fonovisa, supra*, 76 F.3d 264 (providing "site and facilities"

7    for infringement activities enough, in this case including "space, utilities, parking,

8    advertising, plumbing, and customers); *Ellison v. America Online, Inc.*, 357 F.3d 1072,

9    1078 (9th Cir. 2004) (material contribution by storing infringing copies on its usenet

10   and providing users with access to those copies); *Columbia Pictures, supra*, 800 F.2d

11   59 (video store providing "site and facilities" for unauthorized public performance);

12   *Arista Records, supra,* 2006 WL 842883, *15 (providing flea market where infringing

13   copies sold, since "providing such an environment and services, is all that is required

14   to satisfy the requirement of material contribution necessary to establish contributory

15   liability.")  *See also Fonovisa*, *supra*, 76 F.3d 264, citing with approval 2 William F.

16   Patry, Copyright Law & Practice 1147:   "Merely providing the means for

17   infringement may be sufficient to incur contributory copyright liability."

18      Defendant claims that "allegations that Google later displayed the completed

19   Artwork does not establish that Google contributed to or induced Guetta's alleged

20   direct infringement *in creating the artwork.*"  (Motion, p. 7:13-15.)  This claim, of

21   course, *completely misses the point*.  Under the Copyright Act, 17 U.S.C. § 501(a),

22   infringement arises from unauthorized exercise of *any* of the exclusive rights accorded

23   in 17 U.S.C. § 106, not just the reproduction right.  Section 106 accords Plaintiff, as

24   the owner of the copyright in the Subject Images, not only the exclusive right to

25   reproduce them (§ 106(1)), but also the exclusive right to create derivative works from

26   them (§ 106(2)), to distribute copies publicly (§ 106(3)), and *crucially*, to **display** the

27   works publicly (§ 106(5)).  In its complaint, Plaintiff specifically alleges that

28   defendants, including Guetta, in addition to reproducing the Subject Images without

authorization, SAC ¶ 20, also created unauthorized derivative works, SAC ¶ 22, and offered for sale (distributed) and displayed the infringing copies to the public without authorization, SAC ¶ 22, ¶ 23-27. *That is, as uncontested by Google, Plaintiff alleges infringement of multiple exclusive rights.*

Indeed, without regard to claims of contributory infringement, Plaintiff specifically alleges:

(a) Google hosted an event and provided the site where the infringement occurred, i.e., unauthorized display of Plaintiff's Subject Images, SAC ¶ 35, just like the flea markets in *Fonovisa* and *Arista*;

(b) Google invited, directed, requested and encouraged others to photograph – i.e., make further reproductions – of Plaintiff's Subject Images which would then be further distributed, for Google's own benefit, SAC ¶ 35 and ¶ 39, just like the video store operator in *Columbia Pictures*, or the event organizers in *Fonovisa* and *Arista Records*. (Nor is there any allegation, as Google argued, that all or any of the photographers were news reporting, so as to even suggest a fair use defense.)

That is, Google provided the site and facilities and brought in the audience to make an unauthorized public display and encouraged unauthorized reproductions for further unauthorized public distribution.

Plaintiff has sufficiently pled material contribution to the infringing activities.

## D.   **Plaintiff's Has Properly Alleged Claims of Vicarious Infringement**

As mentioned above, for vicarious copyright infringement it is necessary to allege a defendant has the right and ability to supervise the infringing conduct and a direct financial interest in the infringing activity. *Fonovisa, supra*, 76 F.3d at 262. Knowledge of the infringement is not a requirement of vicarious liability. *Grokster, supra,* 545 U.S. 931.  In this regard, Plaintiff has alleged two related grounds for vicarious infringement, first by control of the event where the authorized display of the Infringing backdrop occurred, and second by the unauthorized photography.

### 1.   **Plaintiff Has Duly Alleged Ability to Control Infringement**

The case law has found a variety of situations which demonstrate a defendant has sufficient "right and ability to supervise the infringing conduct."   In general, defendants have "control" if they "either actively operate or supervise the operation of the place wherein the [infringing conduct] occurs *or* control the content of the infringing program."   *Polygram Intern. Pub., Inc. v. Nevada/TIG, Inc.*, 855 F.Supp. 1314 (D.Mass.1984) (exhaustive review of case law).   Thus, a variety of factors, either individually or collectively, can show "control."   These include:

(i)   actual ability to control activities (*e.g. Fonovisa, supra*, 76 F.3d 262 ("Cherry Auction had … the right had the ability to control the activities of vendors on the premises"); or

(ii)   a contractual right to control activities even if not exercised (*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971) (store owner who had contractual right to control concessionaires was vicariously even though it did not actively exercise contractual right), *accord Fonovisa, supra*, 76 F.3d 262; or

(iii)   actively organizing and promoting an event (*e.g. Polygram, supra*, 855 F.Supp. 1329 (defendant "promoted the … show through advertising in order to develop an audience for the exhibitors"), *accord Fonovisa, supra*, 76 F.3d 262 (defendant had "pervasive participation in the formation and direction" of the direct infringers, including promoting them (*i.e.* creating an audience for them)"); or

(iv)   the ability to control access to a site (*e.g.*, *Napster, supra*, 239 F.3d 1020 ("The ability to block infringers' access to a particular environment for any reason whatsoever is evidence of the right and ability to supervise"); *Fonovisa, supra*, 76 F.3d 262 ("Cherry Auction … controlled the access of customers to the swap meet area"); or

---

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          CASE NO. CV 12-3423-SJO (VBKx)

(v)     the ability to control the content on the site (*e.g. M. Witmark & Sons v. Pastime Amusement Co.*, 298 F. 470, 475 (D.C.S.C. 1924) ("defendant did retain and exercise control over the organist in reference to her selections").)

A party with the ability to supervise or control infringing activity cannot avoid liability by failing to exercise such supervision or control.  *Gershwin*, *supra*, 443 F.2d 1161  ("The failure to police the conduct of the primary infringer is sufficient for the imposition of vicarious liability.") *accord Napster*, *supra*, 239 F.3d 1023 ("To escape imposition of vicarious liability, the reserved right to police must be exercised to its fullest extent. Turning a blind eye to detectable acts of infringement for the sake of profit gives rise to liability.")

Once again, Google attempts to deny its ability to control the infringing conduct based solely on the claim that Google did not "participate in the creation" of the Infringing Backdrop."  Put aside for a moment that this is arguing *facts*, not pleadings, and Plaintiff specifically alleges that "*Defendants* wrongfully created copies of the Subject Images."  SAC, ¶ 20.  At this point, Plaintiff does not know whether Google did in fact commission the Infringing Backdrop, or ask Guetta to make materials alterations to components of a preexisting work, or to create a new combination.

In any case, however, this is no more than a disingenuous attempt to limit the pleadings solely to the reproduction right, when Plaintiff clearly alleges infringement of other exclusive rights.  Indeed, the case cited by Google, *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F.Supp.2d 1148, 1173 (S.D.Fla. 2006), a summary judgment case not a pleading case, supports Plaintiff as it says that vicarious infringement includes showing that "Defendants had the right to stop or limit the infringement but did not."  In this case, Plaintiff has pled:

(a) Google hosted a by-invitation commercial event where the Infringing Backdrop was displayed publicly without authorization, SAC ¶ 35, showing actual

control over the site where infringement of Plaintiff's display right occurred, and in *Fonovisa*;

(b)  Google entered into a contract with Guetta and retained the right and ability to "supervise, direct and control" the persons attending and their unauthorized photographing of Infringing  Backdrop, SAC ¶ 35, showing ability control the site where infringement of Plaintiff's reproduction and display rights occurred, as in *Gershwin* and *Fonovisa*;

(c)  Google advertised and promoted the event, which was by-invitation, thus controlling who could attend, SAC ¶ 35, as in *Polygram* and *Fonovisa*;

(d) Google supervised, controlled and authorized who could take photographs of the Infringing Backdrop, SAC ¶ 35, thus controlling access to the infringing works as in *Napster* and *Fonovisa*; and

(e) Google selected the space where the Infringing Backdrop was located to host its event after viewing the site, SAC ¶ 34, and decided to stream the event on its YouTube Site, SAC ¶ 38, thus giving its control over the content at the event as in *Whitmark;*

(f)  Google contributed to the further infringement of Plaintiff's distribution rights by inviting and requesting photographers to come to the even and take photographs of the Infringing Backdrop when the infringing photographs were placed on the Internet (SAC ¶ 37).

Plaintiff has sufficiently alleged Google's "right and ability to supervise" infringing conduct including infringement of the reproduction right (unauthorized photographs of the Infringing Backdrop), distribution right (encouraging offering infringing photographs for sale on Internet) and display right (unauthorized display of Infringing Backdrop at event) in the Subject Images.

///

///

## 2.   **Plaintiff Has Duly Alleged Financial Benefit**

The case law has also discussed the situations where a defendant receives a financial benefit from the infringing activity.   Two are particularly applicable here.

The first involves situations where the infringing activity "enhances the attractiveness" of the venue to potential customers.  *E.g., Fonovisa, supra*, 76 F.3d 262 ("Our conclusion is fortified by the continuing line of cases, starting with the dance hall cases, imposing vicarious liability on the operator of a business where infringing performances enhance the attractiveness of the venue to potential customers."); *accord Polygram, supra*, 855 F.Supp. 1332 (D.Mass. 1984) (trade show operator vicariously liable since it received a "significant financial benefit" from attention customers paid to infringing music);  *Gershwin*, *supra*, 316 F.2d 307 (dance hall proprietor liable since infringement "provide[s] the proprietor with a source of customers and enhanced income").

An alternative ground is where the infringing activity acts as a "draw" to the site. *Arista Records, Inc. supra*, 2006 WL 842883 *12 (noting a "draw" is an alternative ground for financial benefit); *accord Fonovisa*, *supra*, 76 F.3d 263-264 ("Financial benefit exists where the availability of infringing material 'acts as a "draw" for customers.")  This result also comes from on the famous "dance hall" cases where the unauthorized performance of copyrighted music "draws" an audience to the dance hall. *E.g. Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co.*, 36 F.2d 354 (7th Cir.1929).  The fact that attendees do not pay an admission fee is not dispositive since their attendance can increase the value of defendant's other offerings at the site.  *Arista Records, Inc. supra*, 2006 WL 842883 *12; *UMG Recordings, Inc. v. Sinnott,* 300 F.Supp.2d 993, 1002-1003 (E.D.Cal. 2004) ("While the customers were not charged admission, the "draw increased revenue at [defendant's] concession stands ... and [defendant's] go-kart track located on the property.")

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          CASE NO. CV 12-3423-SJO (VBKx)

The presence of an infringing work does not need to be a significant draw to establish vicarious liability, only "a" draw. *Fonovisa*, *supra*, 76 F.2d at 263.   As *Ellison*, *supra*, 357 F.3d 1079 held:  "The district court interprets Fonovisa and 'direct financial benefit' to require a 'substantial' proportion of a defendant's income to be directly linked to infringing activities for the purpose of vicarious liability analysis. … We disagree with the addition of this quantification requirement.  … There is no requirement that the draw be substantial. … The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of how substantial the benefit is in proportion to a defendant's overall profits."

*UMG Recordings, Inc. v. Veoh Networks Inc.*, 2009 WL 334022 (C.D.Cal. 2009), cited by Google, is completely inapplicable to this case.  There, the plaintiff was suing Veoh's *investors* for vicarious infringement, and the court held there was no showing that the *investors* received any direct financial benefit from the infringement. Here, Plaintiff is not suing Google's investors, but Google itself.  Similarly, *Perfect 10, Inc. v. Visa International Service*, 2004 WL 3217732 (N.D. Cal. Dec. 2, 2004) has to do with remote credit card processors.  Plaintiff is not suing Google's credit card processors, but Google itself

Once again, Defendant's authority supports Plaintiff.  *UMG*, *supra*, 2009 WL 334022 *5, noted that the Ninth Circuit, in *Napster*, *supra* 239 F.3d 1023, had affirmed the district court's holding that "direct financial benefit" could be found where the infringement increased "Napster's 'potential revenue sources included targeted email; advertising; commissions from links to commercial websites; direct marketing of CDs, Napster products, and CD burners and rippers."

Again, contrary to Google's attempt to mischaracterize Plaintiff's complaint, Plaintiff has pled:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS          CASE NO. CV 12-3423-SJO (VBKx)

(a) Google obtained valuable advertising and promotion for Google's business, including Google music, SAC ¶ 40, thus enhancing the value of its business as in *Fonovisa* and *Polygram*;

(b) Google wanted its products and services to be associated with Guetta and his infringing activity due to his ability to generate publicity, SAC ¶ 34, and so decided to stage a media event where the Infringing Backdrop was displayed to promote their Google Music service to their financial benefit, SAC ¶ 35, thus creating a "draw" as in *Arista, Fonovisa* and *Ellison*;

(c) Google encouraged unauthorized photography for the purpose of broader dissemination and publicity, SAC ¶ 40, thus seeking to enhance the value of its Google Music business, as in *Dreamland* and *Gershwin.*

Plaintiff has sufficiently alleged Google's financial benefit from the infringing conduct.

## IV.    CONCLUSION

Defendants' motion is based on a systematic misreading of applicable case law and Plaintiff's complaint.   The motion is without merit and should be denied.  Should, however, the Court grant the instant Motion, Plaintiff respectfully requests leave to amend and an opportunity to correct any deficiencies identified by the Court.

Dated:  August 14, 2012          LAW OFFICES OF LAWRENCE G. TOWNSEND
                                 THE LINDE LAW FIRM


                                 By: __/s/ Douglas A. Linde _____
                                 Lawrence G. Townsend
                                 Douglas A. Linde
                                 Erica L. Allen
                                 Attorneys For Plaintiff,
                                 JIM MARSHALL PHOTOGRAPHY LLC

18