1  LAWRENCE G. TOWNSEND (SBN 88184)(ltownsend@owe.com)
   LAW OFFICES OF LAWRENCE G. TOWNSEND
2  455 Market Street, 19th Floor
   San Francisco, California 94105
3  (415) 882-3288; (415) 882-3299 FAX

4  DOUGLAS A. LINDE (SBN 217584)(dal@lindelaw.net)
   ERICA L. ALLEN (SBN 234922)(eag@lindelaw.net)
5  THE LINDE LAW FIRM
6  9000 Sunset Boulevard, Suite 1025
   Los Angeles, California 90069
7  (310) 203 9333; (310) 203-9233 FAX

8
   Attorneys for Plaintiff
9  JIM MARSHALL PHOTOGRAPHY, LLC

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  JIM MARSHALL PHOTOGRAPHY          Case No.  CV 12-03423 SJO (VBKx)
14  LLC, a California Limited Liability   Filed April 20, 2012
    Company,                          Honorable S. James Otero
15                     Plaintiff,
16         vs.                        **PLAINTIFF'S MOTION FOR
                                      SUMMARY ADJUDICATION RE
17  THIERRY GUETTA; IT'S A            COPYRIGHT INFRINGEMENT AS
18  WONDERFUL WORLD, INC., a          TO ALL DEFENDANTS; POINTS
    California corporation; GOOGLE, INC., a   AND AUTHORITIES**
19  Delaware corporation, and DOES 1
20  through10, inclusive,
21                     Defendants.    **Time: 10:00 a.m.
                                      Date:  July 1, 2013
22                                    Place: Courtroom 1 – 2nd Floor**

23  TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE

24  ATTORNEYS OF RECORD:

25

26     **PLEASE TAKE NOTICE** that on July 1, 2013 in Courtroom 1 – 2nd Floor of

27

the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, at 10:00 in the morning, Plaintiff, Jim Marshall Photography, LLC ("Marshall") will move the court pursuant to Federal Rule of Civil Procedure 56 for summary adjudication that Defendants, and each of them, have engaged in acts of copyright infringement.

The motion will be made on the grounds that Plaintiff is entitled to summary adjudication of liability for copyright infringement as a matter of law because, after considering all evidence in the light most favorable to Defendants, no reasonable fact-finder could deny that Plaintiff owns the copyrights in at issue in this case and that Defendants have engaged in unauthorized conduct that infringes Plaintiff's exclusive rights under the Copyright Act.

The motion will be based on the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, and the Declarations of Amelia Davis and Douglas Linde filed with this motion, the papers and evidence on file in this case, and such further evidence and argument as may be presented at the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 13, 2013.

Dated:  May 29, 2013            LAW OFFICES OF LAWRENCE G. TOWNSEND
                                THE LINDE LAW FIRM


                                By: _/s/ Douglas A. Linde_____
                                Lawrence G. Townsend
                                Douglas A. Linde
                                Erica L. Allen
                                Attorneys for Plaintiff,
                                JIM MARSHALL PHOTOGRAPHY LLC

# TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................1

II.  STATEMENT OF FACTS .................................................................2

    A.   PARTIES.....................................................................................2

    B.   SUBJECT PHOTOGRAPHS .........................................................2

    C.   DEFENDANTS' ACCESS .............................................................4

    D.   INFRINGING ARTWORK ............................................................4

III. LEGAL ANALYSIS ...........................................................................6

    A.   APPLICABLE LEGAL STANDARDS .............................................6

        1.   Standards For Summary Judgment...................................6

        2.   Standards For Copyright Infringement ..............................7

    B.   PLAINTIFF OWNS A VALID COPYRIGHT IN THE SUBJECT PHOTOGRAPHS .....10

        1.   Plaintiff is the Beneficial Owner of the Copyright Registrations Which Should Be Given a Presumption of Validity ........................10

        2.   There Is Uncontroverted Evidence Of Ownership And Authorship 12

    C.   DEFENDANTS HAVE ENGAGED IN COPYRIGHT INFRINGEMENT ...................13

        1.   Access and Legally Sufficient Similarity Show Unauthorized Copying................................................................................13

            a.   Defendants Had Access to The Subject Photographs ............13

            b.   Defendants Copied The Subject Photographs.......................14

                i.   Defendants' Works are Substantially Similar to the Subject Photograph ........................ 14

                ii.  Defendants Works Virtually Duplicate the Subject Photographs.................................. 15

        2.   Defendants Violated Plaintiff's Exclusive Rights ............................16

        3.   Plaintiff has not Authorized Defendants' Conduct..........................17

IV.  CONCLUSION..................................................................................18

# **TABLE OF AUTHORITIES**

## **CASES**

*Addisu v. Fred Meyer, Inc.*, 198 F. 3d 1130 (9th Cir. 2000) ...............................6

*American International Pictures, Inc. v. Foreman*, 576 F.2d 661 (5th Cir. 1978) ........ 19

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................................................ 5

*Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) ....................................... 8

*Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985)................................... 9, 15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2505, 91 L. Ed. 2d 265 (1986)......... 6

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir.1997) .................................................................... 12

*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000) ...................... 7

*Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ....................................... 7

*Friedman v. Guetta*, No. CV 10-00014, 2011 U.S. Dist. LEXIS 66532 (C.D. Cal. May 27, 2011)................................................................ 1, 8, 10, 17

*Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223 (D. Or. 2008) ............................................................................ 10

*Jarvis v. K2 Inc.*, 486 F.3d 526 (9th Cir. 2007)........................................ 11

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) .......... 8

*Kamar International, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir. 1981) ......... 13

*Keenan v. Allan*, 91 F.3d 1275 (9th Cir. 1996) ...................................... 6

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012), *amended by L.A. Printex Industries. v. Aeropostale, Inc.*, 2012 U.S. App. LEXIS 12033 (9th Cir. Cal., June 13, 2012)..................................................... 14

*Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984)............................... 9, 15

*MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 519 (9th Cir. 1993), *cert. dismissed*, 510 U.S. 1033, 114 S. Ct. 671, 126 L. Ed. 2d 640 (1994) ................. 10

*Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998)......................... 11

*Microsoft Corp. v. Harmony Computers & Electronics, Inc.*, 846 F. Supp. 208 (E.D.N.Y. 1994) ....................................................................................... 19

*Morris v. Guetta*, No. CV 12-00684, 2013 U.S. Dist. LEXIS 15556 (C.D. Cal. February 4, 2013).................................................................................................. 1

*Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989)............................................ 16, 17

*Norse v. Henry Holt & Co.*, 991 F.2d 563 (9th Cir. 1993) ........................................ 10

*North Coast Industries v. Maxwell*, 972 F.2d 1031 (9th Cir. 1992)........................... 9, 15

*Richter v. Instar Enterprises International, Inc.*, 594 F. Supp. 2d 1000 (N.D. Ill. 2009) .................................................................................................................... 18

*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989) ...................................... 8, 17

*Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49 (2d Cir. 1936), *cert. denied*, 298 U.S. 669, 56 S. Ct. 835, 80 L. Ed. 1392 (1936) ........................................... 16

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) ...................................................... 8, 9, 15

*Tarn v. County of Los Angeles*, 123 F. 3d 1259 (9th Cir. 1997) ................................ 6

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126, 121 S. Ct. 881, 148 L. Ed. 2d 790 (2001) ...................................... 7, 8, 13

## STATUTES

17 U.S.C. § 101 ....................................................................................................... 5

17 U.S.C. § 102 ....................................................................................................... 4, 5

17 U.S.C. § 106 ....................................................................................................... 5, 7, 12

## RULES

Federal Rule of Civil Procedure 56 .......................................................................... 3, 4

## TREATISES

2 Howard B. Abrams, THE LAW OF COPYRIGHT § 14:10 (2011) .................................. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a straightforward case of copyright infringement involving Defendants' unauthorized creation, reproduction, display and sale of artwork using Plaintiff's copyrighted photographs.

Plaintiff, Jim Marshall Photography, LLC, is the current owner of the copyright in the images captured by now deceased photographer Jim Marshall.  Jim Marshall was a world famous photographer noted for groundbreaking photographs of many of the most famous jazz and rock and roll musicians of the twentieth century. (http://en.wikipedia.org/wiki/Jim_Marshall_(photographer)).   Over his career Jim Marshall took thousands of iconic photographs of musical artists.

Defendant, Thierry Guetta, ("Guetta") is a self-proclaimed "appropriation artist," who works under the moniker "Mr. Brainwash."  Mr. Guetta's "style" of artwork often involves taking and using, without authorization, photographs authored by others as the basis of his works, (http://en.wikipedia.org/wiki/Mr._Brainwash). Notably, Defendant has already been found to be a copyright infringer by two other Courts in this District.  See *Friedman v. Guetta*, No. CV 10-00014, 2011 U.S. Dist. LEXIS 66532 (C.D. Cal. May 27, 2011). *Morris v. Guetta*, No. CV 12-00684, 2013 U.S. Dist. LEXIS 15556 (C.D. Cal. February 4, 2013).

Defendant It's a Wonderful World, Inc., is a corporation organized under the laws of the State of California.  Guetta is the president of It's a Wonderful World, Inc. It's a Wonderful World, Inc. sells artwork created by Guetta on his behalf.  Both Defendants will be collectively referred to as "Guetta."

Defendant Guetta created and sold a number of pieces of art admittedly containing copies of Marshall's copyrighted photographs without authorization.

There is no question that Guetta's artwork contains unauthorized copies of Plaintiff's photograph.   Indeed, the evidence demonstrates that Guetta simply

reproduced Plaintiff's images, added a simple background and sold the artwork. Moreover, it is undisputed that Guetta did not have Plaintiff's permission to use his photographs in any of the Defendant's works.

As such, Plaintiff seeks summary adjudication of his copyright infringement claims against the Guetta Defendants, with the amount of damages for such infringement at issue for trial.

## II.   STATEMENT OF FACTS

The following facts established in the pleadings and discovery show Plaintiff's copyright ownership and Defendants' infringement.

### A.   PARTIES

The parties are: Plaintiff Jim Marshall Photography LLC ("Marshall"), the owner of the copyrights of photographer Jim Marshall; Defendants Thierry Guetta and It's a Wonderful World, Inc. (collectively "Guetta")[1].  The Defendants are all engaged in creating and/or selling artwork.

### B.   SUBJECT PHOTOGRAPHS

Marshall owns the copyright in the following photographs taken by Jim Marshall (the "Subject Photographs"):

///

///

///

---

[1] The parties have stipulated to the dismissal of Defendant Google Inc. *See* Docket No. 43.

John Coltrane:



Sonny Rollins:



Monk, Gillespie & Wilson:



Stanley Turrentine:



Jimi Hendrix:



Hendrix & Jones:



Uncontroverted Facts No. 1-6.  The Subject Photographs were registered with the United States Copyright Office under registrations VA 1-365-079 and TX 6-031-402. Uncontroverted Facts No. 7-10.

///

///

## C.   DEFENDANTS' ACCESS

Defendants admit in their Answer, and in discovery, that they had access to the Subject Photographs.  *See* Exhibit 3, Defendants' Answer to Second Amended Complaint, ¶19 (Docket No. 27), Exhibit 4, Defendant It's A Wonderful Life, Inc.'s Response to Request for Admission 19-23, 25.   Pursuant to FRCP 36, a "matter admitted under this rule is conclusively established."  Accordingly, it is conclusively established that Defendant had access to Plaintiff's works, and no contrary evidence is permitted as to this point.

Specifically, Defendant Thierry Guetta obtained a copy of the Subject Photographs from the internet.  *See* Exhibit 5, Defendant It's A Wonderful Life, Inc.'s Response to Interrogatories, Set One, No. 9.

## D.   INFRINGING ARTWORK

Guetta reproduced the images contained in the Subject Photographs in works which he displayed and marketed as his own. Uncontroverted Facts No. 14-19.  These works are itemized as follows:

Guetta's Coltrane:                                    Guetta's Rollins:

            

Guetta's Monk & Gillespie:



Guetta's Turrentine:



Guetta's Hendrix& Coltrane:



Guetta's Hendrix & Jones:



It is undisputed that Defendants created these works using Plaintiff's images. See Declaration of Thierry Guetta, ¶¶2-8 [Docket No. 63-3].

Guetta admits that he liked the Subject Photographs, and used them to create his works. Linde Decl. Exhibit 7 (Guetta Deposition) at 28:2-5; 30:22-23; 46:25-47:3; 54:12-18; 55:6-10; 62:24-63:2; 74:11-14.

At all times Defendant Guetta knew that he did not take or own the Subject Photographs that he used to make his derivative works. *See id.* at 66:25-67:7; 79:12-15; Exhibit 4, Responses to Requests for Admission, Set One, Requests 26-31.

Nevertheless, Guetta admits he did not do anything to find the owner of the photographs, to see if they were copyright protected, or to get permission for their use. *See id.* at 67:17-69:2; 79:12-23; 81:3-7.

Indeed, Defendant admits that he should have obtained a license to use these photographs, but did not do so. *See id.* at 77:15-24; 71:18-22; 65:24-66:9.

Moreover, Defendant repeatedly testified that there was nothing that

distinguished Plaintiff's photographs from any other photograph of someone playing a musical instrument, and that and he could have chosen any photograph featuring someone playing music.   See Linde Decl. Exhibit 7 (Guetta Deposition) 36:8-15; 46:1-5; 53:15-21; 65:18-20.

In fact, Defendant claims it was not even important to him to feature the specific musicians depicted in his works.  Except for Jimi Hendrix, Defendant claims he didn't know who the musicians were, or that they were famous.  *See id.* at 23:15, 32:23-34:7.

Finally, Defendant clearly admits that in making his works, he was not trying to express an opinion.  *See id.* at 75:13-77:1.  Notably, Defendant could not identify one non-profit educational purpose to which the proceeds of his work were donated.  *See id.* at 71: 23-73:13.

## III.   LEGAL ANALYSIS

This motion seeks summary adjudication that Plaintiff's Subject Photographs are original, and duly registered works of authorship owned by Plaintiff; and that Defendants infringed Plaintiff's copyright by reproducing, selling and publicly distributing artwork containing copies of the Subject Photographs without authorization.

### A.   APPLICABLE LEGAL STANDARDS

#### 1.   Standards For Summary Judgment

Federal Rule of Civil Procedure 56(a) says "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."  In that case, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A material fact is one that may affect the outcome of the case.  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  The movant bears the initial burden of presenting evidence that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2505, 91 L. Ed. 2d 265 (1986).  Once that occurs, the burden shifts to the opposing party to demonstrate a genuine issue of material fact for trial. "An opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e). The opposing party must identify with reasonable particularity the evidence that precludes summary judgment.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). A "scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of, material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment must be granted if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Tarn v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir. 1997).

## 2.    <u>Standards For Copyright Infringement</u>

To succeed on a claim for copyright infringement claim, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126, 121 S. Ct. 881, 148 L. Ed. 2d 790 (2001).

**Valid Copyright**: "Copyright protection subsists … in original works of authorship fixed in a tangible medium of expression." 17 U.S.C. § 102(a).  "Works of authorship" include "pictorial, graphical and sculptural works," 17 U.S.C. § 102(a)(5), which cover "photographs."  17 U.S.C. § 101.  As *Ets-Hokin v. Skyy Spirits, Inc.* held in upholding the copyright in a photograph of a bottle of vodka: "'[A]lmost any photograph may claim the necessary originality to support a copyright merely by virtue of the photographer's personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken.' … This circuit is among the majority of courts to have adopted this view, [that] creative decisions involved in producing a photograph may render it sufficiently original to be copyrightable, [including] selection of subject, posture, background, lighting, and perhaps even perspective alone."  *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076-1077 (9th Cir. 2000).

**Copying**:  The owner of a copyright in a photograph has the exclusive right to do and authorize its: (i) reproduction; (ii) adaptation; (iii) public distribution; and (iv) public display and to prepare derivative works.  17 U.S.C. § 106; *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1152 (9th Cir. 2010).  "Copying" is shorthand for infringing any of these rights.  *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085, fn. 3 (9th Cir. 1989).

A plaintiff may show copying by "indirect" or "direct" means.  The "indirect" approach is the usual one.  "Because direct evidence of copying is not available in most cases, plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are substantially similar in idea and in expression of the idea."  *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996); *see also Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 at * 11-12; *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 15, fn. 6.  To establish access, the Ninth Circuit uses an "inverse ratio rule" which requires "a lower standard of proof of

substantial similarity when a high degree of access is shown" and, conversely, "in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the [works] are 'strikingly similar.'" *Three Boys Music*, *supra*, 212 F.3d 481; *Baxter v. MCA, Inc.,* 812 F.2d 421, 423 (9th Cir. 1987). For substantially similarity the Ninth Circuit uses an extrinsic/intrinsic test.  "The 'extrinsic' test considers whether two works share a similarity of ideas and expression based on external, objective criteria [Citations] … [and] the subjective 'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a substantial similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at 1218.  "The extrinsic test is generally a question of law because it turns not on the responses of the trier of fact but on specific criteria which can be listed and analyzed." *North Coast Industries v. Maxwell*, 972 F.2d 1031, 1034 (9th Cir. 1992).  Although the intrinsic test evaluates total "look and feel," courts grant summary judgment where no reasonable jury could decide otherwise under the intrinsic test. *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984).

Alternatively, a plaintiff may also show direct copying rather than access and substantial similarity.  As *Range Road Music, Inc. v. East Coast Foods, Inc.*, explained:

> 'Substantial similarity' is not an element of a claim of copyright infringement.  Rather, it is a doctrine that helps courts adjudicate whether copying of the 'constituent elements of the work that are original' actually occurred when an allegedly infringing work appropriates elements of an original without reproducing it *in toto*.  A showing of 'substantial similarity' is irrelevant in a case like this one [which] entailed direct copying of copyrighted works.

*Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012); *accord Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993) (citations omitted) ("But here the substantial similarity analysis is inapposite to the

copying issue because appellees admit that they in fact copied phrases from Norse's letters.");   *Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 at * 11-12; *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 13.   In cases of direct copying, the fact that the final result of defendant's work differs from plaintiff's work is not exonerating.   To the contrary, it can show infringement of multiple exclusive rights.   Making a direct copy such as by downloading a protected work into a computer program infringes the exclusive reproduction right.   17 U.S.C. § 106(1); *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 519 (9th Cir. 1993), *cert. dismissed*, 510 U.S. 1033, 114 S. Ct. 671, 126 L. Ed. 2d 640 (1994); *Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223, 1233 (D. Or. 2008) (unauthorized scanning of ads into program an infringement); *Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 at * 11-12; *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 13, * 14, fn. 5.

Altering the unauthorized copy would then infringe the exclusive right to create derivative works.   17 U.S.C. § 106(2); *Jarvis v. K2 Inc.*, 486 F.3d 526, 532 (9th Cir. 2007) (scanning and altering photos); *Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) (computer game); *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 13.

As will be seen, the evidence is undisputed on all of the factors necessary to show copyright infringement in this case.

**B.**   **PLAINTIFF OWNS A VALID COPYRIGHT IN THE SUBJECT PHOTOGRAPHS**

**1.**   **Plaintiff is the Beneficial Owner of the Copyright Registrations Which Should Be Given a Presumption of Validity**

Section 410(c) of the Copyright Act provides: "In any judicial proceeding a certificate of copyright registration made before or within five years after first

publication of the work constitutes *prima facie* evidence of the validity of the copyright and the facts stated in the certificate.  The evidentiary weight accorded a certificate of registration made thereafter shall be within the discretion of the court."  17 U.S.C. § 410(c).

A copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate."  17 U.S.C. § 401(c).  In particular, it is prima facie evidence of originality, *North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir 1992), and ownership, *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011).

Presentation of a valid registration certificate then shifts the burden to Defendants to prove invalidity of Plaintiff's copyrights.  *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997).

In this regard, the presumption of validity afforded by the copyright registration is <u>only</u> overcome by proof of deliberate misrepresentation.  *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 455 (2nd Cir. 1989); *Eckes v. Card Prices Update*, 736 F.2d 859, 861-862 (2d Cir.1984).  Moreover, this proof of deliberate misrepresentation does not apply to just any statement on the registration, such as typos or innocently inaccurate dates, but rather the deliberate misrepresentation must bear upon "the plaintiff's *prima facie* case of infringement."  *North Coast Industries*, 972 F.2d at 1033 (9th Cir 1992).   In other words, the proof of deliberate misrepresentation <u>*must*</u> go to plaintiff's *prima facie* case of originality or ownership. *North Coast Industries,* 972 F.2d 1033; *United Fabrics, supra*, 630 F.3d 1258; *Andrien v. Southern Ocean County Chamber of Commerce*, 927 F.2d 132, 134 (3rd Cir. 1991). Moreover, in order to rebut the presumption of validity, the Defendant must offer some actual evidence in support of its position; allegations of deliberate misrepresentation "in the air" unsupported by specific evidence is not enough. *United Fabrics*, 630 F.3d at 1258 (9th Cir. 2011).

In this case, the Subject Photographs of John Coltrane, Sonny Rollins, Thelonious Monk, Dizzy Gillespie and Gerald Wilson, and Stanley Turrentine were among the photographs registered in Copyright Registration VA 1-365-079.   This registration was made within five (5) years of first publication.   Therefore, this Certificate of Registration should be held to constitute *prima facie* evidence of both authorship and ownership as to these photos.

The Subject Photographs of Jimi Hendrix and Brian Jones were among the photographs registered in Copyright Registration TX 6-031-402.

## 2.    There Is Uncontroverted Evidence Of Ownership And Authorship

There is uncontroverted evidence of Plaintiff's ownership of valid and subsisting copyrights in the Subject Photographs of Jimi Hendrix and Brian Jones. Jim Marshall Photography, LLC was created and is owned by Amelia Davis, who was Jim Marshall's assistant for 13 years.   In her Declaration, Ms. Davis states the following uncontroverted facts:

*Authorship*:  Jim Marshall is the person who took the Subject Photographs of Jimi Hendrix and Brian Jones and is the sole and original author of each one. Uncontroverted Facts No. 11.  Davis Decl. ¶ 3-4.

*Originality*:  The Subject Photographs of Jimi Hendrix and Brain Jones are original with Jim Marshall.  He is the person responsible for selection of subject, posture, background, lighting in each the photograph.  Uncontroverted Facts No. 11.

*Publication*:  The Subject Photographs of Jimi Hendrix and Brian Jones were included as photographs published in *Monterey Pop,* Chronicle Books, 1992. Uncontroverted Facts No. 20, Decl. Davis ¶ 9.   The Subject Photograph of Jimi Hendrix was included in the book *Not Fade Away: The Rock & Roll Photography of Jim Marshall*, authored by Jim Marshall.  Uncontroverted Facts No. 9. Decl. Davis ¶ 8

*Ownership*: Ownership of the Subject Photographs has been assigned to

Plaintiff Jim Marshall Photography LLC.    Uncontroverted Facts. No. 1-6; Davis Decl. ¶ 5.

As such, there uncontroverted evidence of Plaintiff's ownership of a valid and subsisting copyrights in the Subject Photographs. *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 10-11.

## C. DEFENDANTS HAVE ENGAGED IN COPYRIGHT INFRINGEMENT

The claim of copyright infringement against Defendants involves unauthorized reproduction, display and distribution of copies of the Subject Photographs in the works described above.  The first step is to show they contain unauthorized copies of the Subject Photographs.  This is done both by indirect and direct evidence.

### 1. Access and Legally Sufficient Similarity Show Unauthorized Copying

To show unauthorized copying by indirect evidence, a plaintiff must show both access and substantial similarity.  Undisputed evidence establishes both requirements.

#### a. Defendants Had Access to The Subject Photographs

Defendants admit, pursuant to Requests for Admissions, that they had access to Plaintiff's images on the internet, prior to creating the infringing works. Uncontroverted Facts No. 13.  *See* Exhibit 3, Defendants' Answer to Second Amended Complaint, ¶19 (Docket No. 27), Exhibit 4, Defendant It's A Wonderful Life, Inc.'s Response to Request for Admission 19-23, 25.

Pursuant to FRCP 36, which governs Requests For Admissions, a "matter admitted under this rule is conclusively established."  Accordingly, it is conclusively established that Defendant had access to Plaintiff's works, and no contrary evidence is permitted as to this point.

**b.  Defendants Copied The Subject Photographs**

Plaintiff can show copying in two ways: 1) by showing that the Defendants' work is substantially similar to Plaintiff's Subject Photographs, and 2) by demonstrating that Defendants directly copied Plaintiff's photograph.  Each is addressed in turn.

<u>i.  Defendants' Works are Substantially Similar to the Subject Photograph</u>

To address "substantially similarity" the Ninth Circuit uses an extrinsic/intrinsic test.

"The 'extrinsic' test considers whether two works share a similarity of ideas and expression based on external, objective criteria. [Citations]… If plaintiff satisfies the extrinsic test, then the subjective 'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a substantial similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at 1218. "The extrinsic test is generally a question of law because it turns not on the responses of the trier of fact but on specific criteria which can be listed and analyzed." *North Coast Industries*, *supra*, 972 F.2d at 1034.

Although the intrinsic test relies on evaluating the total "look and feel," courts can grant summary judgment where no reasonable jury could decide otherwise under the intrinsic test. *Berkic*, *supra*, 761 F.2d 1289; *Litchfield*, *supra*, 736 F.2d 1352

Given the Defendants' level of exact copying, the extrinsic and intrinsic tests are easily satisfied.  *See discussion in Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 15, fn. 6.

With respect to the "extrinsic" test, certainly, the Subject Photographs and the copies on Defendants works share "objective" similarity of ideas and expression as they are virtually identical.  A simple side by side comparison of Plaintiff's photograph and Defendants' work demonstrates this.

The "'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a <u>substantial</u> similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at 1218.

Again, given that the works are virtually identical, no reasonable observer deny that the works are substantially similar.

It is anticipated that Defendants will point to the fact that they made additions to Plaintiff's work, such as splashing paint on it, or writing in the background, and therefore the works are "different." However, it is well settled that any comparison of areas where the works might differ is irrelevant, since "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936), *cert. denied*, 298 U.S. 669, 56 S. Ct. 835, 80 L. Ed. 1392 (1936). Rather, under Copyright law, the analysis must focus upon the similarities and the copying of protected elements. Insofar as the majority of Defendants' work is comprised of Plaintiff's photograph, there can be no question that Plaintiff's and Defendants' works are substantially similar.

ii.    Defendants Works Virtually Duplicate the Subject
Photographs

Moreover, because this is a case of admitted direct copying, the Court can grant Summary Judgment even without conducting the substantial similarity analysis. Specifically, a finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis, can be made where the defendant has engaged in direct copying of a plaintiff's entire work. *Range Road Music*, *supra*, 668 F.3d at 1154; *Narell v. Freeman*, 872 F.2d 907, 910  (9th Cir. 1989). Specifically, the Ninth Circuit held in *Range Road Music*:

A showing of "substantial similarity" is irrelevant in a case like this one, in which the Music Companies produced evidence that the public performances entailed direct copying of copyrighted works.

*Range Road Music*, *supra*, 668 F.3d at 1154. (noting that a demonstration of substantial similarity is only necessary to prove infringement "[a]bsent evidence of

direct copying"); *see also Narell v. Freeman*, *supra*, 872 F.2d at 910 (noting that "[a] finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis" will be made "when the defendant has engaged in virtual duplication of a plaintiff's entire work"); 2 Howard B. Abrams, THE LAW OF COPYRIGHT § 14:10 (2011) ("Direct proof [of copying] can consist of . . . testimony of direct observation of the infringing act . . . .").

As shown above, the copies on Guetta's artwork demonstrate direct copying of the Subject Photograph, and Defendants have admitted to copying the images from the internet. As such, summary judgment can be granted based on evidence of direct copying. *Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532; *Morris v. Guetta*, *supra*, 2013 U.S. Dist. LEXIS 15556 at * 13-17.

### 2.   Defendants Violated Plaintiff's Exclusive Rights

The owner of a copyright in a photograph has the exclusive right to authorize its: (i) reproduction; (ii) adaptation (*i.e.*, create derivative works); (iii) public distribution; and (iv) public display. 17 U.S.C. § 106. "Copying" is shorthand for infringing any of these rights. *S.O.S. Inc.*, *supra*, 886 F.2d at 1085, fn. 3. Here, Defendants violated Plaintiff's exclusive rights by, without authorization, reproducing, adapting, publicly distributing and publicly displaying works bearing copies of Plaintiff's Subject Photographs, including as follows:

Guetta's Coltrane:   Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed by the Guetta defendants.  Uncontroverted Facts No. 14.  This violated Plaintiff's right of public display.

Guetta's Rollins:   Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed for sale and sold by the Guetta Defendants. Uncontroverted Facts No. 15.  This violated Plaintiff's public display and distribution right.

<u>Guetta's Monk & Gillespie</u>:  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed for sale and sold by the Guetta Defendants. Uncontroverted Facts No. 16.  This violated Plaintiff's public display and distribution right.

<u>Guetta's Turrentine</u>:  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed by the Guetta defendants.  Uncontroverted Facts No. 17.  This violated Plaintiff's right of public display.

<u>Guetta's Hendrix & Coltrane</u>:  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed by the Guetta defendants.  Uncontroverted Facts No. 18.  This violated Plaintiff's right of public display.

<u>Guetta's Hendrix & Jones</u>:  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  Moreover, this work was displayed for sale and sold by the Guetta Defendants. Uncontroverted Facts No. 19.  This violated Plaintiff's public display and distribution right.

Each of these uses is an infringing use.

### 3.   <u>Plaintiff has not Authorized Defendants' Conduct</u>

Direct copyright infringement is a strict liability tort.  Lack of knowledge does not limit liability but only effects the calculation of damages. *Richter v. Instar Enterprises International, Inc.*, 594 F. Supp. 2d 1000, 1011 (N.D. Ill. 2009).  "[B]ecause copyright law favors the rights of the copyright holder, the person claiming authority to copy or vend generally must show that his authority to do so flows from the copyright holder." *American International Pictures, Inc. v. Foreman*, 576 F.2d 661, 664 (5th Cir. 1978). To survive a motion for summary judgment, a defendant has "the burden of tracing the chain of title to show that [its] authority … flows from the copyright holder." *Microsoft Corp. v. Harmony Computers & Electronics, Inc.*, 846 F.

Supp. 208, 212 (E.D.N.Y. 1994). Clearly, Defendants cannot meet this burden because they have admitted they have no such authority.   In this case, Plaintiff did not authorize Defendants to utilize his Subject Photographs. Undisputed Facts No. 12, Davis Decl. ¶ 10-11.

## IV.    CONCLUSION

There is no reasonable dispute about the foregoing material facts.   As such, Plaintiff respectfully requests summary adjudication as to these issues of copyright infringement against the Guetta Defendants.

Dated:  May 29, 2013            LAW OFFICES OF LAWRENCE G. TOWNSEND
                                THE LINDE LAW FIRM

                                By: _/s/ Douglas A. Linde_____
                                     Lawrence G. Townsend
                                     Douglas A. Linde
                                     Erica A. Gonzales
                                     Attorneys for Plaintiff,
                                     JIM MARSHALL PHOTOGRAPHY LLC