# **EXHIBIT 9**

ELLEN I. KAHN (State Bar No. 107127)
E-Mail: ekahn@sideman.com
ROBERT R. CROSS (State Bar No. 56814)
E-Mail: rcross@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Petitioner
AMELIA DAVIS, ADMINISTRATOR

**FILED**
San Francisco County Superior Court
MAY 0 3 2012
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

PROBATE

In re the

ESTATE OF JAMES J. MARSHALL

CASE NO. PES-10-293338

[~~PROPOSED~~]
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS FOR ORDINARY AND EXTRAORDINARY SERVICES

DATE: May 2, 2012
TIME: 9:00 a.m.
PLACE: Dept 202 (Probate)

Amelia Davis, as Administrator of the Will of James J. Marshall ("Petitioner"), having filed her verified First and Final Report of Administrator With Will Annexed on Waiver of Account and Petition For Final Distribution and Request For Allowance Of Compensation To Attorneys For Ordinary and Extraordinary Services ("Petition"), and said Petition having come on regularly for hearing on May 2, 2012, at 9:00 a.m. in the Probate Department of the above-entitled Court, the Court finds:

1. <u>Date of Death and Domicile</u>. James J. Marshal ("Decedent") died testate on March 23, 2010, a resident of San Francisco County.

2. <u>Will Admitted to Probate; Letters Issued; Resignation of Andreas and Appointment of Successor Administrator</u>. Decedent's will dated March 20, 2007 was admitted to probate by

1
PES-10-293338
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS

**MARSHALL 00054**

1  Order of this Court filed May 5, 2010. Letters of Special Administration and Letters Testamentary
2  were issued to Arthur Andreas ("Andreas") on April 23, 2010 and May 5, 2010, respectively.
3  Andreas' resignation and the appointment of Petitioner as successor Administrator was approved
4  by this Court's Order for Probate filed September 22, 2010 and Letters of Administration With
5  Will Annexed were issued to Petitioner that date. At all times since then, Petitioner has been and
6  is now the duly qualified personal representative of the Estate with full authority to administer the
7  Estate.

8      3.    Bond. This Court's Order for Probate filed September 22, 2010, provided that no
9  bond was required.

10      4.    Separate Property. Decedent was never married and all Decedent's property was
11  his separate property.

12      5.    Authority Granted Under Independent Administration of Estates Act. On September
13  22, 2010, Petitioner was granted full authority by Order of this Court to administer the Estate without
14  court supervision under the Independent Administration of Estates Act. This authority has not been
15  revoked.

16      6.    Notice of Petition to Administer Estate. The Petition to administer the Estate was
17  published for the period and in the manner prescribed by law, the first publication having been made
18  on March 30, 2010.

19      7.    Notice to Creditors. On Petitioner's information and belief, Andreas made all
20  reasonable efforts to ascertain creditors of Decedent and sent notice of administration to all known
21  and reasonably ascertainable creditors as described in California Probate Code Section 9050.
22  More than four months have elapsed since the date letters first issued. The deadline for filing or
23  presenting creditors' claims expired on September 5, 2010. The only claims in response to the
24  notices were filed by Groovy Collectibles LLC (see paragraph 11 below).

25      8.    Request for Special Notice. The only request for special notice was filed by Groovy
26  Collectibles LLC, which has executed a Withdrawal of Request for Special Notice and Waiver of
27  Notice of the Petition.

2
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWANCE OF COMPENSATION TO ATTORNEYS

MARSHALL 00055

9. <u>Notice to Public Entities Not Required</u>. Other than taxes otherwise addressed in this petition, Petitioner has no reason to believe any public entities have any basis for making a claim against this Estate.

10. <u>Notices Required Under Probate Code Section 9202</u>.

a. <u>Notice to Director of Health Care Services Not Required</u>. Notice to the Director of Health Care Services under Probate Code §9202(a) is not required because Petitioner has no reason to believe that Decedent received, or was the surviving spouse or registered domestic partner of a person who received, any Medi-Cal benefits. Nevertheless, Andreas served a Notice of Administration to Creditors on the California Department of Health Care Services on June 15, 2010 and the Proof of Service is on file herein. The time for filing or presenting a claim has expired.

b. <u>Notice to Director of California Victim Compensation and Government Claims Board Not Required</u>. Notice to the Director of the California Victim Compensation and Government Claims Board under Probate Code §9202(b) is not required because Petitioner has no reason to believe an heir of Decedent was confined in a prison or facility under the jurisdiction of the Department of Corrections and Rehabilitation or was confined in any county or city jail, road camp, industrial farm or other local correctional facility.

c. <u>Notice to Franchise Tax Board</u>. The Notice of Administration to Creditors was served on filed the Franchise Tax Board on June 15, 2010 as required by Probate Code Section 9202(c)(1) in the manner required under Probate Code Section 1215, and the Proof of Service is on file herein. The time for filing or presenting a claim has expired.

11. <u>Creditor's Claims</u>. Three related Creditor's Claims were filed by Groovy Collectibles LLC ("Groovy"), as follows, were rejected, and have been litigated and settled ~~(see paragraph 12 below)~~:

| Date | Description | Amount |
|---|---|---|
| 6/14/2010 | Breach of 2009 Professional Service Agreement | $190,000 |
| 11/23/2010 | Breach of 2010 Professional Service Agreement | $15,000 |
| 11/23/2010 | Breach of oral web maintenance agreement | $5,680 |

3    PES-10-293338
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS

MARSHALL 00056

12. <u>Litigation on Behalf and Against of the Estate.</u>

    a. Petitioner filed two Verified Petitions and an Amended Verified Petition for relief from Groovy, Nick Despotopoulos and Kirk Anspach ("Respondents"), seeking temporary restraining orders ("TROs") and injunctions against wrongful retention and use of property of the Estate, including photographic prints, other tangible personal property, an email contact list, copyrighted images and other proprietary information. The Probate Court issued two TROs against Respondents, and issued a preliminary injunction against Respondents on December 21, 2010.

    b. Following rejection of its Creditor's Claims, Groovy filed a civil action against Petitioner to prosecute the Creditors' Claims, Case No. CGC-10-506881 (the "Groovy Action"). In response, Petitioner filed a cross-complaint against Respondents/Cross-Defendants Groovy, Despotopoulos and Anspach, seeking injunctive relief and damages on most of the same grounds previously alleged in Petitioner's petitions in this proceeding. The Probate Court also referred Petitioner's Amended Petition to be tried in connection with the Groovy Action.

    c. Petitioner and Respondents reached a global settlement of all claims in the Probate case and the Groovy Action, pursuant to a written Settlement Agreement and Mutual Releases dated December 9, 2011. The settlement amount provided in the Settlement Agreement has been paid in full, and the parties have filed a Request for Dismissal with prejudice of the Groovy Action, including Petitioner's Cross-Complaint and Amended Petition against the Respondents.

13. <u>Taxes.</u>

    a. <u>Estate Taxes</u>. As Decedent died in 2010, and the value of the Estate is below the $5 million filing threshold, no federal Estate tax return is required and no federal Estate taxes are due.

    b. <u>Income Taxes</u>. Petitioner is informed and believes that Andreas paid all California and federal income taxes due and payable by Decedent. Petitioner has timely filed all necessary California and federal fiduciary income tax returns required of the Estate and has paid any income taxes shown to be due on those returns. Petitioner has agreed to file any further

MARSHALL 00057

1  California and federal fiduciary income tax returns that may be required of the Estate and to pay
2  any taxes shown to be due on those returns, from her personal assets.
3          c.     Personal Property Taxes. No personal property taxes are due or payable by
4  the Estate.
5          d.     Certificate of California Franchise Tax Board. A certificate of the
6  California Franchise Tax Board under Revenue and Tax Code §19513 is not required because
7  there are no nonresident beneficiaries of the Estate.
8     14.   Waiver of Account. Petitioner, as sole beneficiary, has waived the necessity of an
9  account.
10    15.   Inventory and Appraisal. A partial inventory and appraisal of the Estate, filed
11 September 9, 2010, showed inventoried assets of $794,779.84. The final inventory and appraisal of
    filed on 2/25/12
12 the Estate shows Estate assets with a value of $3,434,000.00. Such inventories totaling $4,229,779.84
13 contain all of the assets of the Estate that have come to Petitioner's knowledge or into her possession.
14    16.   Purchase, Exchange or Change in the Form of Assets. No assets were purchased,
15 exchanged, or changed in form during administration of the Estate, except as follows:
16        a.    Distribution of two municipal bonds bonds (see paragraph 18 below)
17        b.    Cashed 200,000 units of San Juan California Unified School Dist. RFDG
18 municipal bond ($215,477.78).
19    17.   Independent Actions. Petitioner took the following actions without court
20 supervision: None.
21    18.   Advanced Distributions. Pursuant to this Court's Order Authorizing Preliminary
22 Distribution and Sale of Personal Property entered October 18, 2010 ("Distribution & Sale Order").
23 Petitioner distributed to herself, as sole beneficiary of the Estate, the following bonds:
24        a.    California State RFDG municipal bonds (100,000 units); and
25        b.    Beverly Hills Calif. municipal bonds (100,000 units).
26 Pursuant to this Court's Order entered December 23, 2011, modifying the Distribution & Sale
27 Order, Petitioner has made a payment in settlement of the Groovy Action (see paragraph 12.e
28 above). No other distributions have been made.

5
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS


**MARSHALL 00058**

19. <u>Assets on Hand</u>. The assets on hand in the Estate are as follows:

| | |
|---|---|
| Checking Account, First Republic Bank (No. ********836) | $115,810.41 |
| Money Market Account, First Republic Bank (No.********807 | $11,400.00 |
| Cash & Money Fund – First Republic Brokerage (No. ******807) | $1,700.00 |
| San Juan California Unified School Dist. RFDG municipal bonds (85,000 units) | $91,242.00 |
| Photographic archive (including negatives and prints) | $3,435,000.00 ~~See Inventory & Appraisal~~ |
| 2008 Mercedes | $35,000.00 |
| Furniture, fixtures & miscellaneous personal property per Partial Inventory & Appraisal No. 1 (including watch, bracelet, necklace & pendant, pistols, knives, book collection, CDs, LPs & audio-visual equipment) | $31,320.00 |

20. <u>Reserve for Closing Expenses</u>. Petitioner does not request a reserve for closing expenses.

21. <u>Representative's Compensation Waived</u>. Petitioner has waived all rights to statutory compensation as Administrator.

22. <u>Estate in Condition to be Closed; Estate Solvent</u>. More than four months have elapsed since the issuance of letters. Notice of administration has been given to creditors as required by law. The time for filing and serving creditor's claims has expired. The only filed creditors' claims have been settled ~~(see paragraph 12.e)~~. Petitioner has performed all required duties as executor of Decedent's Estate. The Estate is solvent. All costs of administration incurred to date have been paid or provided for. The Estate is in a condition to be closed.

23. <u>Proposed Distribution</u>. Pursuant to the terms of Decedent's Will, at Article FIFTH (page 2), set out below, naming Petitioner as the sole beneficiary of the Estate, Petitioner is entitled to distribute all assets of the Estate to herself, including any other property of Decedent or of the Estate not now known or discovered:

FIFTH: I give, devise and bequeath my entire Estate to Amelia Davis, who has not only been a devoted, able assistant and invaluable associate to me in the conduct of my business, but a truly caring friend.

6

PES-10-293338

ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS

MARSHALL 00059

1  24. <u>Statutory Compensation of Former Executor and Counsel</u>: The Settlement Agreement between the former Executor (Andreas) and Petitioner, approved by the Court by Order dated September 22, 2010, at ¶¶ 2 & 4, authorized payment of compensation in the sum of $86,400 to each of Andreas and his counsel, Geoffrey Adams, of which $21,600 was for ordinary services and the balance ($64,800) was for extraordinary services.

25. <u>Compensation of Petitioner' Counsel</u>. No compensation has been paid to the attorneys for services to Petitioner in her capacity as Administrator. The law firm of Sideman & Bancroft LLP ("Sideman") represented Petitioner individually prior to her appointment as Administrator (for which it has received compensation) and has continued to represent Petitioner as Administrator since her appointment. The statutory attorneys' compensation to which Sideman is entitled for its ordinary services is $33,698.00, computed as shown below on the basis of the inventory value, without regard to receipts, gains or losses, as permitted by California Rules of Court 7.550(b)(6) and 7.705(b).

### FEE BASE

| | |
|---|---|
| Partial Inventory and Appraisal, No. 1: | $794,779.84 |
| Final Inventory and Appraisal: | $3,435,000.00 |
| | Fee Base: $4,229,779.84 |

### FEE COMPUTATION

| | |
|---|---|
| 4% of first $100,000: | $ 4,000.00 |
| 3% of next $100,000: | 3,000.00 |
| 2% of next $800,000: | 16,000.00 |
| 1% of next $3,229,780 | 32,298.00 |
| Total Statutory Fee | $55,298.00 |
| Less Statutory Fee Paid to Executor's Counsel | -$21,600.00 |
| Remaining Balance | $33,698.00 |

26. <u>Extraordinary Services by Attorneys</u>. Sideman rendered extraordinary services to the Estate, which are described in the Declaration of Robert R. Cross in Support of Extraordinary

MARSHALL 00060

1  Attorneys' Fees, attached as Exhibit A to the Petition. The extraordinary compensation requested
2  in the Petition, in the sum of $125,143, is reasonable and appropriate for these services, and
3  should be paid.

4      27.    <u>Reimbursement of Attorney's Costs of Administration Advanced</u>. Petitioner
5  requested that she be allowed to reimburse Sideman for costs of administration advanced on behalf
6  of the Estate. Said costs total $9,461.30, including $3,823.60 for court filings, delivery and
7  service of papers, $1,544.25 for deposition transcripts, $1,176.00 for litigation consultants,
8  $850.00 for filing fees, $1,008.95 for document reproduction, $816.55 for online research, and
9  $189.20 for parking and taxi. Such costs are appropriate and should be paid.

10      WHEREFORE, IT IS HEREBY ORDERED that:

11      A.    The administration of this Estate be closed on waiver of account;

12      B.    All the acts and proceedings of Petitioner as Administrator are confirmed and
13  approved;

14      C.    Petitioner is authorized and directed to pay Sideman & Bancroft LLP $33,698.00 as
15  statutory compensation for services to the Petitioner and the Estate;

16      D.    Petitioner is authorized and directed to pay Sideman & Bancroft LLP $125,143.00
17  as extraordinary compensation for services to the Petitioner and the Estate;

18      E.    Petitioner is authorized and directed to reimburse Sideman & Bancroft LLP
19  $9,461.30, for costs advanced on behalf of the Estate; and *as described above under Paragraph 19 of the findings*

20      F.    Distribution of the Estate in Petitioner's hands and any other property of Decedent or
21  of the Estate not now known or discovered shall be made to ~~Petitioner~~ *Amelia Davis*, as sole beneficiary.

23  DATED: May 2, 2012

                                              Judge of the Superior Court
24  6773-2\1371503v2                                         MARY E. WISS

**ORDERED WITHOUT HEARING**

8                        PES-10-293338
ORDER FOR FINAL DISTRIBUTION ON WAIVER OF ACCOUNT AND ALLOWING COMPENSATION TO ATTORNEYS

MARSHALL 00061